WILBER A. GRIPP, Appellant, v. FOUR APPOINTMENTS OF
THE UNITED BRETHREN CHURCH, Appellees.

**VENDOR AND PURCHASER:** Bona Fide Purchaser—Possession of
    **Right Land Under Incorrect Deed.** Misdescriptions in a deed
    resulting in failure to describe the property actually purchased
    become wholly immaterial when the owner takes and retains
    notorious possession of the land actually purchased, with full
    knowledge of such purchase and possession on the part of a
    subsequent purchaser.

*Appeal from Union District Court.*—THOS. L. MAXWELL,
Judge.

WEDNESDAY, MARCH 14, 1917.

ACTION to recover the possession of a certain tract of
land in Union County. Defendants claim to be the owners

of the land by purchase from one J. H. Garrells, the prior owner thereof, and aver that plaintiff had knowledge and notice of this purchase when he acquired his title. The case was tried to the court on these issues, resulting in a judgment dismissing plaintiff's petition, and he appeals.— *Affirmed.*

*George A. Johnston,* for appellant.

*E. A. Lee,* for appellee.

DEEMER, J.—Both parties acquired

VENDOR AND PURCHASER: bona fide purchaser: possession of right land under incorrect deed.

whatever title they possessed to the land in controversy from J. H. Garrells, the former owner thereof. Defendants acquired title from this common grantor by warranty deed, which contained the following description:

"Commencing at a point 550 feet east of the lot now owned and on record in the name of A. C. White in the northwest corner of the northeast quarter of the northeast quarter of Section 19, Township 72, Range 28; commencing at said point on the north line of said northeast quarter of northeast quarter; thence south 120 feet; thence east 50 feet; thence north 120 feet; thence west along the north line of said land to beginning, being known as Lot No. 12."

This deed was executed January 27, 1906, and filed for record January 30th of the same year. Plaintiff procured his title from the same source. He first secured a contract, which described the land as follows:

"The east half of the northeast quarter of Section 19; and the west half of the northwest quarter of Section 20; and the southeast quarter of the northwest quarter of said Section 20, all in Township 72, north, Range 28, west of the 5th P. M.; all situated in the county of Union and state of Iowa; save and except such a part of the above described land as lies within the right of way of the C. B. & Q. R. R.,

as the same is now located, and save and except one house lot of 50 feet by 120 feet, on south side of public highway, on said premises, as the property of the United Brethren people; all of which land lies north of the present C. B. & Q. R. R. right of way, and contains 139 acres, more or less, for the sum of $11,120, $25 of which has been paid in hand, the receipt of which is hereby acknowledged."

His warranty deed contained the following description:

"All that part of the east half of the northeast quarter of Section 19; and the west half of the northwest quarter, and the southeast quarter of the northwest quarter of Section 20, in Township 72, north, Range 28, west of the 5th Principal Meridian, lying north of the land conveyed to the Creston and Murray Railroad Company, by deed recorded in Book 150 on page 55 of the records of said county, except the right of way of the Chicago, St. Paul & Kansas City Railroad Company, across the northwest corner of the east half of the northeast quarter of said Section 19, and that part of the east half of the northeast quarter of said Section 19 described as commencing at the intersection of the east line of said right of way, and the south line of the highway, and running thence west to said right of way, and thence northeasterly along the right of way to the point of beginning, and that tract described as commencing at a point on the north line of the east half of the northeast quarter of said Section 19, 550 feet east of the last described tract, and running thence south 120 feet, thence east 50 feet, thence north 120 feet and thence west to the point of beginning. The premises hereby conveyed containing 138.64 acres, more or less."

This contract and deed to plaintiff were executed in the year 1909. Immediately upon their purchase, defendants entered into possession of what they thought and believed to be their property; they fenced the same, erected

a barn and dwelling thereon, dug a well and constructed other improvements, with the knowledge and consent of their grantor; but, by mistake in fixing the starting point for the survey of the ground which they had purchased, it did not correspond with their deed, or, more likely, the description in their deed did not correspond with the lot which they in fact purchased, and which they took possession of under their purchase.

At any rate, they claim the land which they fenced and improved, under their deed from Garrells, and assert that, no matter what plaintiff's title of record, he had actual notice of defendants' purchase at the time he took his contract and deed. This mistake was made either in the deed or survey. The property which defendants actually took possession of lies something like 50 feet east of the land described in the deed, and instead of commencing on the section line in the middle of a 60-foot highway in front of the premises, it commenced at the south side of the highway, and this extended 30 feet south of the premises described in the deed.

The description in the land in plaintiff's deed was made with reference to the description found in defendants' deed, and no one knew at that time that the land taken possession of by the defendants was not as described in their deed. It was 2 or 3 years after plaintiff got his deed that the mistake was discovered. When that discovery was made, plaintiff commenced this suit to recover the possession of all the land covered by his deed, relying upon the exception therein as governing defendants' rights to the land, and insisting that he is entitled to all the land covered by his deed and not excepted therefrom by its terms. He, of course, had notice of defendants' deed, for it was duly placed of record, and of their possession of the property; but he claims that this latter was referable to the then deed, and not to notice of any claim not embodied therein. De-

fendants rely, however, upon their possession as notice of their claim to the land as occupied, fenced and improved, and also upon express notice of their purchase said to have been given the plaintiff by Garrells before he sold the tract to him.

It should be stated that the grounds used, occupied and improved by defendants were measured and staked out by Garrells before defendants received their deed, and there is no question that defendants are, and at all times have been, in possession of the land which they thought they had purchased. If they were relying simply upon the constructive notice given plaintiff by the record of the deed, or upon the notice arising from possession of the property alone, there might be some basis for plaintiff's claim as an innocent purchaser. But here the defendants were in possession of the land they purchased, and their grantor, before selling the land to plaintiff, expressly informed plaintiff of defendants' purchase of the land they were then occupying, and that this tract was what they were to receive. This is all that the law requires.

There was evidently a mistake in the description of the lands in defendants' deed, but plaintiff was, in effect, told of this mistake; and, even if there had been no deed whatever to defendants, plaintiff would have been charged with notice from what Garrells told him. That there was a deed containing a misdescription is of no consequence, because plaintiff was expressly told that defendants were in possession of the lands which they purchased. Being advised of that fact, he was not, and does not claim to have been, misled by the misdescription in defendants' deed.

Plaintiff does not deny having actual notice from Garrells as to the prior sale to the defendants, and that fact must be accepted as true. This is the turning point in the case, and settles it in defendants' favor. Defendants pleaded a mistake in the deed, and asked a reformation thereof.

The trial court simply quieted their title to the lands as occupied and fenced by them. Defendants do not complain of this decree, and plaintiff is not entitled to. It might, perhaps, have been better if a commission had been appointed to fix the boundaries of the tract by an actual survey, and then an order issued for a conveyance by commissioners, or otherwise, to the defendants, or a decree entered, quieting title to the strip so surveyed; but neither party is asking a modification in this respect, and if a change be needed, it can be done by agreement between the parties.

The decree seems to be correct, and it is—*Affirmed.*

The foregoing opinion was prepared by Justice Deemer, now deceased, and is adopted as the opinion of the court.

GAYNOR, C. J., LADD, EVANS and PRESTON, JJ., concur.